## Musselman, Appellant, *v.* Hatfield Borough.

202     489
 24 SC ²320
202     489
 29 SC ²582
202     489
 32 SC ²250

*Negligence—Borough—Sidewalk—Contributory negligence.*

A municipality must provide reasonably safe ways for the public, night and day; the citizen must only exercise reasonable care in their use.

In an action by a woman against a borough to recover damages for personal injuries caused by a fall at a defective point in a sidewalk, the case is for the jury where the evidence shows that the accident occurred on a dark and stormy night; that the plaintiff at the time had one small child by the hand, while another preceded her; that plaintiff knew of the break on the side of the sidewalk, and was watching for it, but on account of the darkness did not see it, and that she could have reached her home by going around on a macadamized road with no sidewalks.

Argued Feb. 3, 1902.    Appeal, No. 361, Jan. T., 1901, by plaintiff, from order of C. P. Montgomery Co., June T., 1901, No. 14, refusing to take off compulsory nonsuit in case of Annie Musselman v. Hatfield Borough.    Before McCOLLUM, C. J., DEAN, FELL, BROWN and MESTREZAT, JJ.    Reversed.

Trespass to recover damages for personal injuries.    Before WEAND, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*A. R. Place*, for appellant.—Plaintiff is held to the observance of ordinary care in the use of the public highways: Lower Macungie Twp. v. Merkhoffer, 71 Pa. 276; Erie v. Schwingle, 22 Pa. 384; Stokes v. Ralpho Twp., 187 Pa. 334; Altoona v. Lotz. 114 Pa. 238.

The unguarded condition of the pavement, and not alone the

narrowness of the same, was the proximate cause of the accident, and disclosed the grossest carelessness and negligence on the part of the borough in maintaining a dangerous pitfall within the lines of the street for two months, which the judicious expenditure of a few dollars could have obviated: Corbalis v. Newberry Twp., 132 Pa. 9; Merriman v. Phillipsburg Boro., 158 Pa. 81; Pittsburg v. Grier, 22 Pa. 54; Erie v. Schwingle, 22 Pa. 384; Humphreys v. Armstrong County, 56 Pa. 204; Pittston Boro. v. Hart, 89 Pa. 389; Schaeffer v. Jackson Twp., 150 Pa. 145; Gates v. Penna. R. R. Co., 154 Pa. 566.

The question of contributory negligence was for the jury in this case: Chilton v. Carbondale, 160 Pa. 463; Crumlich v. Harrisburg, 162 Pa. 624; Finnegan v. Foster Twp., 163 Pa. 135; Sturgis v. Kountz, 165 Pa. 358; Trexler v. Greenwich Twp., 168 Pa. 214; Fee v. Columbus Boro., 168 Pa. 382; Yoders v. Amwell Twp., 172 Pa. 447; Bitting v. Maxatawny Twp., 177 Pa. 213; Francis v. Franklin Twp., 179 Pa. 195; Allen v. DuBois Boro., 181 Pa. 184; Mellor v. Bridgeport, 191 Pa. 562; Henry v. Williamsport, 197 Pa. 465; Smith v. East Mauch Chunk Boro., 3 Pa. Superior Ct. 495.

*Henry M. Brownback*, with him *Edmund J. Bennett*, for appellee.

OPINION BY MR. JUSTICE DEAN, May 19, 1902:

Two villages, Hatfield and South Hatfield, were incorporated into one borough under the general borough laws, on June 27, 1898. On December 23, 1900, Anna Musselman, the plaintiff, between nine and ten o'clock of a dark, stormy night, by reason of a break in the pavement, fell and was seriously injured. At the time, she was on her way home; the pavement where she fell was on Market street, a street thirty-two feet between curb lines, the sidewalk or pavement on each side about twelve feet. The street leads from Union to Main street and is much used by both pedestrians and vehicles. The walk in front of Snyder's lot on Market street was paved with large flagstones for about six feet of its width; the pavement in front of the adjoining lot, Kulp's, was a board walk only three and a half feet wide, about one half the width of Snyder's flagstone pavement; on each side of this narrow board walk, there is an abrupt descent

or offset of more than a foot, at its connection with the six and a half feet of Snyder's stone pavement.    Plaintiff had a small child, her daughter, by the hand; her son, a small boy, was walking in front of her; she knew of the break on each side of the board walk and was watching for it, but the night being dark she did not see it, and consequently stepped outside the board walk and fell.    There was one other way by which she could have reached her home, and that was by going around by Main street, a macadamized road with no sidewalks.    Plaintiff, averring negligence in not maintaining a reasonably safe sidewalk, brought suit for damages against the borough.    Defendant averred contributory negligence on the part of the plaintiff, in choosing for her way home a pavement which she knew was unsafe, instead of a turnpike street; or, in not carrying a lantern, as the night was dark and there was rain.    The court below, being of opinion the case was ruled by Altoona v. Lotz, 114 Pa. 238, and Haven v. Pittsburg & Allegheny Bridge Co., 151 Pa. 620, directed a compulsory nonsuit which it afterwards refused to take off, and we have this appeal by plaintiff.

We do not think the cases cited, or any others, will sustain the judgment, in view of the facts here presented.    The true rule is : " Where the risk is not obvious, it becomes a question of fact for the determination of the jury whether there was contributory negligence."    In Lotz v. Altoona, supra, the plaintiff knew of the unsafe condition of the board walk on which he was injured ; the night was dark ; he could have walked in the middle of the muddy street; could have gone another way some distance out of his course; it was a question of relative risk and the court submitted the evidence to the jury ; this was affirmed by this court.    In Haven v. Bridge Co., supra, the accident was in broad daylight; the plaintiff was notified, that the footway of the bridge was then being repaired ; there were also danger signs at each end ; she chose the footway.    This court held that to be contributory negligence, because the danger was obvious and the risk was voluntarily and unnecessarily assumed.    We concede, that it is often difficult to apply the law to the varying facts of different cases, and say just which case is for the court and which for the jury, but here the risk was relative ; whether she should, in the exercise of care, have walked in the middle of the street, or have gone by the turnpike, or have

walked on Market street pavement which she knew had the offset where the board walk joined the stone, depended on a comparison of risks. In an unlighted borough, on a dark, rainy, stormy night, a very prudent mother will probably stay indoors with her children ; but this is a degree of care which the law does not impose upon the citizen; the law might as well, then hold, that the duty of the borough extended no further, than to provide reasonably safe ways for the citizen in fair weather and broad daylight; but its duty is more exacting; it must provide reasonably safe ways for the public, night and day ; the citizen must only exercise reasonable care in their use. Whether the plaintiff exercised that care in this case was for the jury. Therefore the judgment is reversed and a procedendo awarded.