Rozumailski *v.* Philadelphia Coca-Cola Bottling Co., Appellant.

Argued November 28, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Louis Wagner,* with him *Richard A. Smith* and *Wilbur F. Whittle,* for appellant.—There is no warranty as to the method of handling or preparing a commodity for human consumption. So long as a manufacturer places upon the market a wholesome commodity, his duty is discharged; and method of preparation is of no concern to the consumer.

The burden of proving defendant's negligence as the proximate cause was on plaintiff.

Error was committed when the court permitted the application of the rule, res ipsa loquitur in this case: Zahnhiser v. Torpedo Co., 190 Pa. 350; Lanning v. Ry., 229 Pa. 575; Livingston v. Ry., 64 Pa. Superior Ct. 593;

Allen v. Coal Co., 212 Pa. 54; Direnzo v. Bridge & Iron Works, 265 Pa. 561; Nixon v. Pfahler, 279 Pa. 377.

*Bernard J. Kelley,* with him *John J. McDevitt, Jr.,* for appellee.—The inference that defendant was negligent was based on a proven fact, namely, that the broken glass was in the bottle when it was sold by defendant.

The case at bar, far from being one of an inference upon an inference, is a case of one single inference, scientifically reached by fairly excluding all other inferences: Catani v. Swift, 251 Pa. 52; Tavani v. Swift, 262 Pa. 184.

The case was properly one for the jury: Smith v. Car Co., 262 Pa. 550.

OPINION BY MR. JUSTICE KEPHART, January 7, 1929:

Plaintiff went into a small restaurant for lunch. He ordered two cheese sandwiches and a bottle of coca-cola. The sandwiches were prepared by the dealer, who placed mustard on the cheese at plaintiff's request. The dealer took a bottle of coca-cola from the ice box, removed the cap, and handed to plaintiff the sandwiches and the bottle. Plaintiff was injured from swallowing ground and broken glass which he testified came from the bottle. This action was instituted against the manufacturer, and a verdict was recovered in the court below.

The points chiefly urged, in this appeal, are that the evidence was insufficient to prove negligence, and that the court below invoked the doctrine of res ipsa loquitur to sustain the action.

Those engaging in the business of manufacturing or compounding food or beverages for consumption must use a high degree of care to see that the food or beverage is free from foreign or deleterious substances that injuriously affect the user. All reasonably scientific and up-to-date methods must be employed to obviate the presence of any such injurious substances, and, even where such methods are employed, where such substances get

into the product, whose presence there might possibly be due to that uncertain human quality,—carelessness,— somewhere along the line, the manufacturer is responsible to a member of the public injured thereby.

Appellant contends that no causal connection between defendant and the accident has been shown, nor is there any evidence from which it may be inferred. The dealer (restaurant keeper) had been a regular customer of defendant for years; he could not purchase coca-cola elsewhere, and had the day before bought the case from which the bottle was taken. It had remained in his exclusive possession since that time. This bottle had been moved a few moments before the accident from the case to the ice box. The dealer later took it from the ice box and removed the sealed cap. The carbonated water effervesced, and the taste was sweet and pleasant, like that of a freshly opened bottle. Within a few moments the customer complained; the bottle was examined, and a teaspoonful or more of broken glass was found in the bottom, while other particles adhered to the sides.

It thus appears the bottle had not been tampered with after it left defendant's possession; otherwise it would not have effervesced. No facility was at hand to open, recarbonate and seal the bottle; nor did anyone other than the dealer have an opportunity to handle the contents. It was also shown that the bottle was not chipped in the process of opening.

Almost immediately after drinking the coca-cola and eating the sandwiches, the customer discovered glass in his mouth, his teeth grinding on a fair-sized piece of glass. He expectorated blood, and suffered from pain in his throat. The connection between the injury and the defendant was thus established by facts sufficient to cause its ascertainment to be 'for the jury: Strobel v. Park, 292 Pa. 200.

Defendant argues that no negligent act on its part was shown, assuming the bottle did come from its factory in the condition described. This question compre-

hends a further discussion of the general principle above announced. Defendant, a manufacturer, sends a bottle containing a beverage to be drunk by a consumer, in the bottom of which is lodged a half-inch of broken glass. In the ordinary conduct of its business this glass would not be there. It could get there only through accident or the carelessness of some servant along the line of preparation of the coca-cola, and its placement in the bottle. Before it left the hands of the manufacturer the presence of glass in the bottle could have easily been detected by inspection with modern scientific devices. A manufacturer of foods and beverages owes the duty of reasonable inspection of the commodity before placing it on the market for consumption: Catani v. Swift & Co., 251 Pa. 52, 61, 62; Tavani v. Swift & Co., 262 Pa. 184. The manufacturer was for all purposes in exclusive control of the bottle and its contents, as its contents were undisturbed until it reached the consumer's hands. It is a case where the accident proves its own negligent cause, and the jury would be permitted to infer negligence, as the court below instructed it, from the fact that ground glass had been found in the bottom of the bottle. The particular dereliction is not shown, nor was it necessary; the negligent act is demonstrated by showing glass in the bottom of the bottle: Durning v. Hyman, 286 Pa. 376; Dei v. Stratigos, 287 Pa. 475, 477; Kapuscianski v. P. & R. C. & I. Co., 289 Pa. 388, 391. We do not discuss here any question of representation or warranty.

Defendant submitted evidence of the use of the most approved appliances to prevent foreign substances from entering the bottle, but whether these devices did in fact prevent such substances from entering, or whether the servants of the defendant were careless in the use of these devices, thus permitting the entry of foreign matter, was for the jury to consider in the light of the evidence that glass was actually found in the bottle: Shaughnessy v. Director General of Railroads, 274 Pa.

413, 414. Defendant is not aided by the decision in Spees v. Boggs, 198 Pa. 112, as that case was decided on the ground that no negligence had been shown by the plaintiff. It is not authority for the proposition that, in such a case as this, where defendant introduces general evidence that its appliances and method of operation are of the most approved form, binding instructions must be given.

Defendant further urges that plaintiff's case furnishes other causes which, with equal show, were productive of the injury, and accounted for the presence of glass in plaintiff's mouth and stomach. The dealer prepared the sandwiches which were eaten by the customer. The glass could have been in them. But the dealer examined the part uneaten, and did not find any glass. This circumstance would not give rise to such a contributing cause that the court could hold, as a matter of law, precluded a recovery. If there was any other cause to which the injury might in equal fairness be attributed, the jury ought not to be permitted to guess which occasioned the injury: Strobel v. Park, supra, 207. But, as said in this last case, the test is whether the circumstances are such as would satisfy a reasonable and well-balanced mind that the accident resulted from the negligence of the defendant. The testimony need not exclude everything which the ingenuity of counsel may suggest as having possibly caused or contributed to the injury: Gallivan v. Wark Co., 288 Pa. 443, 456.

Defendant has limited his appeal to the assignment calling for binding instructions, and has eliminated all those referring to the charge of the court. The assignments are dismissed.

Judgment affirmed.