## Levy *v.* Horn & Hardart Baking Co., Appellant.

Argued October 2, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Raymond A. White, Jr.,* and with him *Maurice W. Sloan* of *Sloan, White and Sloan,* for appellant.

*James F. Masterson,* for appellee.

Opinion by Keller, J., December 11, 1931:

This was an action of trespass tried by a judge of the municipal court without a jury. From the judgment on his finding in favor of the plaintiff the defendant has appealed.

The cause of action was the negligent presence of a small metal screw in a cup of coffee which the plaintiff had received from a faucet in defendant's "automat," after placing a coin in the proper slot. The plaintiff almost swallowed the screw but after a violent fit of coughing vomited it up, with some laceration to the tissues of the throat, followed by an infection. The screw was of the type admitted by defendant to have been used about the mechanism employed by it.

The appellant's position was somewhat inconsistent. While apparently contending that the screw could not have gotten into the cup from the machine, its only witness on the subject, an employee who looked after the upkeep of the mechanism, and part of whose duties

was to inspect and tighten the screws in the machines, testified that it was "possible, but improbable; it could be done."

A purveyor of food and drink is bound to furnish it to his customers free from injurious and deleterious foreign substances, which might be excluded by a high degree of care and surveillance. If he uses machines which are held together or in place by small screws which have a tendency to become loose he is bound to take every precaution to see that they are not served as a part of the customer's food and drink, and cannot escape the duty by the mere employment of a person to inspect and tighten loose screws. The evidence of this man as to the care and supervision exercised by him was not very convincing.

We think the case is ruled in principle by Rozumailski v. Phila. Coca Cola Bottling Co., 296 Pa. 114, and Nock v. Coca Cola Bottling Works, 102 Pa. Superior Ct. 515.

The defendant's negligence was a question of fact which the trier of fact decided adversely to it. His finding has the force and effect of the verdict of a jury, and will not be disturbed by us.

The assignments of error are overruled and the judgment is affirmed.