Koplin, Appellant, *v.* Louis K. Liggett Company.

Argued October 9, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Nochem S. Winnet,* for appellant.

*John J. McDevitt, 3rd,* with him *Joseph M. Leib* and *John J. McDevitt, Jr.,* for appellee.

OPINION BY STADTFELD, J., November 20, 1935:

This is an action in trespass brought by the plaintiff, Thelma Koplin, against the defendant, Louis K. Liggett Company, to recover for injuries she sustained as a result of being served in a restaurant belonging to the defendant, soup containing a foreign, injurious and deleterious substance, to-wit: a centipede.

The case was tried upon a Statement of Claim, no Affidavit of Defense having been filed, in the Court of Common Pleas No. 1, before the court and a jury.

The plaintiff testified that on February 15, 1933, she went to lunch at defendant's restaurant. She ordered a bowl of soup and a sandwich. She ate most of the soup and was about to put an additional spoonful in her mouth when she noticed a centipede in the spoon. The object did not touch her lips nor did she come in contact with it. She did not finish the rest of her lunch, became nauseated, and when she came home, required the services of a physician. This nausea kept up for a period of a few weeks, during which time she was under the treatment of a physician. As a result of illness, she lost about ten pounds in weight.

The plaintiff's testimony was confirmed by a witness who had lunch with her. The doctor who treated the plaintiff also confirmed her complaint. He testified that her disturbance was more mental than physical.

The defendant offered 'testimony which substantiated the plaintiff's charge. The manager of the store stated that he examined the soup after the plaintiff left and found "that particular object she spoke of," but "it did not resemble a bug or any inferior object to me that would be like that."

At the conclusion of the case, the defendant submitted a point for binding instructions. The court then directed a verdict for the defendant.

A motion for new trial was filed and was refused, in an opinion by PARRY, J., and judgment entered on the verdict. This appeal was thereupon taken.

In the disposition of the request for binding instructions in favor of defendant, plaintiff was entitled to have all the evidence and legitimate inferences therefrom considered in the light most favorable to her: Smith v. Standard Steel Car Co., 262 Pa. 550, 106 A. 102; Lelar v. Quaker City Cab Co., 108 Pa. Superior Ct. 15, 164 A. 105.

Under the testimony, it might not be an unreasonable inference that the centipede which plaintiff testified she found in the spoon which she was using in eating the soup out of the bowl in which it was supplied, was in the soup at the time. As the case, under our view, must go back for a new trial, we are expressing no opinion thereon, but consider that this was a question which should have been submitted to the jury.

According to plaintiff's testimony, she had almost completed the eating of the soup when she noticed "a centipede in the spoon and I showed it to the waitress who took the bowl of soup over to the manager and the manager just said not to make a fuss." She did not eat the sandwich which was the only thing she had ordered with the soup. She became nauseated immediately after that and left as soon as the young lady companion accompanying her had finished eating.

In Madden v. The Great Atlantic & Pacific Tea Company, 106 Pa. Superior Ct., 474, 162 A. 687, we held in an opinion by our Brother PARKER, at p. 475: "Those engaging in the business of manufacturing or compounding food or beverages for consumption must use a high degree of care to see that the food or beverage is free from foreign or deleterious substances that injuriously affect the user. The question whether such manufacturer used reasonable care in the preparation of the food or beverage is for the jury."

In West v. Katsafanas, 107 Pa. Superior Ct. 118, 162 A. 685, quoting from the opinion by our Brother BALDRIGE, p. 122: "It has been expressly ruled by our Supreme Court that where there is a sale of articles of food, there is an implied warranty that the food is wholesome and fit for the purposes intended, irrespective of the seller's knowledge of disease or defects therein: Catani v. Swift Co., 251 Pa. 52. In the recent case of Nock v. Coca Cola Bottling Works, 102 Pa. Superior Ct. 515, which was an action of assumpsit, based on breach of an implied warranty, the plaintiff had purchased a bottle of coca cola which had a worm in it. The action was of a mixed character, containing elements of tort and contract, wherein we said: 'We think the sounder reasoning is in support of the theory that the sale of food or beverages impliedly warrants that it shall be free of a foreign matter which may be injurious to the well-being of the consumer. Nor do we see any just reason, from a public policy standpoint, as the health or human life may be involved, why a sale of food or beverage intended for human consumption should not carry with it an implied warranty that it is suitable and wholesome.' " See also Rozumailski v. Philadelphia Coca-Cola Bottling Co., 296 Pa. 114, 145 A. 700; Levy v. Horn & Hardart Baking Co., 103 Pa. Superior Ct., 282, 157 A. 369.

We believe also that the question of whether the illness or nausea which followed the eating of the soup was caused by the consumption of the soup, was under the testimony, a question for the jury.

The assignments of error are sustained, judgment reversed and new trial granted.