## Smith, Appellant, *v.* Coca Cola Bottling Company of Pennsylvania.

Argued April 28, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Harry Alan Sherman,* for appellant.

*Daniel H. McConnell,* for appellee.

OPINION BY BALDRIGE, J., July 16, 1943:

The plaintiff recovered a verdict in an action of trespass for injuries alleged to have resulted from drinking coca cola in which there was the remains of a spider. The trial judge subsequently sustained defendant's motion for judgment n. o. v. holding that the evidence did not show that the dead spider (1) rendered the coca cola injurious; or (2) that it caused plaintiff's illness. We are of the opinion that the evidence was sufficient to support a verdict.

The plaintiff, a steel worker 47 years of age, at about 6:30 P.M. of the evening of May 25, 1938, purchased a bottle of coca cola in the store located on the first floor of the premises where he resided with his family. A clerk opened the bottle and handed it to the plaintiff who took a swallow of the liquid, which "tasted kind of bitter." After a second drink he became ill and fell to the floor. The clerk upon examining the contents of the bottle exclaimed: "No wonder you are sick, there is a big spider in it." The plaintiff was taken upstairs to his apartment where he remained in bed for 12 days and he was absent from work 90 days.

Dr. Winstead, the attending physician, stated that plaintiff had an attack of acute gastric indigestion, fermentative form, and sustained a slight concussion of the brain due to his fall. He gave a definite and positive professional opinion that plaintiff's drinking the coca cola with the spider in it was the cause of his illness. His testimony was not materially weakened

as appellee argues by stating on cross examination that his conclusion would be the same whether the contents of the bottle were poisonous or otherwise.

Mr. Lester Patton, a chemist, testified that he analyzed the contents of the bottle, which he found contained a spider, but no other injurious ingredient or substance. He expressed the opinion that this contaminating foreign substance in the coca cola made it unfit for human consumption.

The appellee does not seriously question the sufficiency of the proof to warrant a finding of negligence; that was established by showing the presence of the spider in the bottle. The burden was not upon the plaintiff, as the court below apparently thought, of proving that the foreign substance was highly poisonous. He made out a prima facie case by proving that before he drank this coca cola he was in good health and immediately thereafter he became ill. A jury should not be allowed to guess what causes physical harm to a plaintiff. The correct test applicable in the instant case is proof of circumstances that "would satisfy a reasonable and well-balanced mind" that the plaintiff was harmed by the negligence of the defendant: *Madden et ux. v. Great A. & P. Tea Co.*, 106 Pa. Superior Ct. 474, 480, 162 A. 687. Here the sudden illness of Smith could reasonably be attributed to the deleterious matter in the liquid he had just consumed. It was not necessary for him to exclude every other cause of this abrupt change in his condition, which the ingenuity of counsel might suggest as possibly producing or contributing to it: *Gallivan, to use, v. Wark Co.*, 288 Pa. 443, 456, 136 A. 223; *Rozumailski v. Phila. Coca-Cola Bottling Co.*, 296 Pa. 114, 119, 145 A. 700. But little argument would seem to be necessary to convince one that coca cola containing a dead spider is not wholesome and suitable for potable purposes.

We held in *Menaker et al. v. Supplee-Wills-Jones Milk Company*, 125 Pa. Superior Ct. 76, 189 A. 714, that the plaintiff made out a prima facie case in trespass in showing that she immediately became ill after eating ice cream containing the hindquarters and tail of a mouse. Judge PARKER, speaking for this court, there said, p. 80: "A manufacturer who puts upon the market food intended for human consumption in a sealed bottle or original package is held to represent to each purchaser, even though the purchase is made through a dealer, that the contents thereof are wholesome and suitable for the purpose for which they are sold."

In *Nock v. Coca Cola Bottling Works of Pittsburgh*, 102 Pa. Superior Ct. 515, 522, 523, 156 A. 537, the plaintiff was made ill after drinking a portion of a bottle of coca cola containing a worm. The tort was waived, suit having been brought in assumpsit. We there said, p. 519: "...... a sale of food or beverage impliedly warrants that it shall be free of a foreign matter which may be injurious to the well-being of the consumer."

In *Madden et ux. v. Great A. & P. Tea Company*, supra, the wife plaintiff purchased tea, which when brewed that evening had a bitter or sour smell. She became nauseated after drinking the tea and remained ill for a period of three months. The investigation that followed disclosed a mouse in the tea, which two attending physicians attributed to be the cause of the illness. We upheld the verdict recovered by the plaintiff.

The plaintiff in *Koplin v. Louis K. Liggett Company*, 119 Pa. Superior Ct. 529, 181 A. 381, ordered a bowl of soup and a sandwich at defendant's restaurant. After eating most of her soup, and when about to take another spoonful, she noticed a centipede in the spoon. Although she did not come in actual contact with this

foreign matter she became nauseated almost immediately and remained ill for a few weeks. We held that the question of defendant's liability was for the jury.

In the recent case of *Bonenberger et al. v. Pittsburgh Mercantile Co.*, 345 Pa. 559, 28 A. 2d 913, suit in assumpsit was brought. The wife plaintiff sustained an injury as a result of a piece of oyster shell, which was in a can of oysters she purchased from the defendant, lodging in her oesophagus. The Supreme Court there held that it was for the jury to determine whether the plaintiff could recover, stating p. 563: "We cannot say as a matter of law that the product furnished the plaintiffs was reasonably fit for human consumption."

True, Dr. Epstein, defendant's physician, attributed plaintiff's condition to thrombosis or infarction of the blood vessels of the abdomen, which may have resulted from taking a cold drink. In his opinion the foreign substance in the coca cola had nothing to do with his illness. We are concerned only in determining whether there was sufficient evidence offered by the plaintiff to submit the case to the jury. Concluding that the plaintiff made out a case, it is not necessary for us to consider the testimony favorable to the defendant; that was for the jury: *Heinz v. Pittsburgh*, 137 Pa. Superior Ct. 603, 605, 10 A. 2d 100.

The judgment of the court below is reversed with directions to enter judgment for the plaintiff on the verdict.