## Collins, Appellant, v. Pennsylvania Railroad Company.

Submitted December 4, 1947. Before MAXEY, C. J., LINN, STERN, PATTERSON and JONES, JJ.

reargument refused January 14, 1948.

*Raymond A. White, Jr.,* for appellant.

*Theodore Voorhees* and *Barnes, Dechert, Price, Smith & Clark,* for appellee.

OPINION BY MR. JUSTICE LINN, January 5, 1948:

This appeal was submitted for decision without oral argument. It is an action for damages for personal injury sustained December 7, 1934, while the plaintiff was lawfully on the premises of the defendant. The suit was brought some eighteen months later on June 17, 1936. More than a year after that, in July, 1937, a statement of claim was filed. On October 8, 1937, the United States Casualty Company was granted leave to intervene as a party plaintiff on averments that it was the insurance carrier of plaintiff's employer, had paid workmen's

compensation to him and was entitled to subrogation.[1] On January 5, 1945, defendant obtained a rule on plaintiff to show cause why judgment of non pros should not be entered for failure to prosecute the action. An answer was filed by the United States Casualty Company, intervening plaintiff, and, after hearing, the rule was discharged. No appeal was taken from that order.[2] The case came on for trial February 10, 1947, before Judge BLUETT. By that time counsel who had brought the suit on behalf of plaintiff was dead. Plaintiff's case was presented, at his request, by counsel who had filed the intervention petition of the United States Casualty Company and who appeared on its behalf at the trial. The verdict was for the plaintiff in the sum of $7,500.00. The defendant moved for a new trial and for judgment notwithstanding the verdict. The court granted the motion for judgment but in doing so said, "It is unnecessary to pass upon the merits of the motion for a new trial but for the purpose of the record a new trial is refused." Plaintiff appeals from that judgment.

The facts on which we must decide the appeal are those which the jury may have found from the evidence in reaching the verdict for the plaintiff; the familiar rule requires that for the purposes of this review, we reject the oral evidence not supporting the verdict.

Collins, the plaintiff, was employed by Scott Brothers, Inc., as a truck driver. The defendant railroad company was engaged in construction work near 30th and Market Streets, Philadelphia, and hired from Scott Brothers, Inc., a combination truck and crane to be used for digging a pit. The boom of the crane was 30 feet long. It was plaintiff's duty to drive the truck from his employer's garage to the point where the crane was to be used by the defendant and away from that point when the work was finished. He was not the crane oper-

---

[1] See *Scalise v. Venzie & Co.*, 301 Pa. 315, 152 A. 90.

[2] See *Pennsylvania Railroad v. Pittsburgh*, 335 Pa. 449, 455, 6 A. 2d 907; *Wingert v. Anderson*, 309 Pa. 402, 164 A. 333.

ator. It was the defendant's duty to operate the crane, and it was done by an employe named Murdock.

When the digging of the pit was completed, plaintiff drove the truck some thirty or forty feet, as directed by Murdock, to a point over which there were wires carrying high voltage electric current; Murdock, the crane operator, then began fastening down the boom so that the crane could be moved from defendant's premises and on the city streets to plaintiff's employer's garage. While so engaged, Murdock directed the plaintiff to "catch hold the cable, put the hook under the chassis of the truck, of the front of the truck." During that operation, (quoting Collins) "I was pulling down on the slack instead of giving me slack he raised his boom. . . ." This act thrust the boom up to the high tension wires with resulting electric shock to the plaintiff. The Statement of Claim declared that ". . . as the said Plaintiff, engaged in the work aforesaid, was holding a cable attached to the boom of the aforesaid crane, the agent, servant, workman or employee of the Defendant negligently and carelessly raised the boom, permitting it to come into contact with the high tension wires situated directly above the place where they were working, which was heavily charged with electricity, . . ."

The defendant's contention, based on oral evidence offered on its behalf and rejected by the jury, is thus stated in its brief: "After the refusal of a non-suit, defendant called Murdock and other employees to show the actual situation when the accident occurred. Although he was a general employee of the Railroad Company, Murdock had become the servant of Scott Brothers at the time of the accident. Collins had borrowed him from the Railroad foreman to assist him in preparing the truck and crane for their return to Scott Brothers. The agreement leasing the truck to the Railroad Company provided that Scott Brothers should

deliver it to the defendant and when the latter was through with it, would 'remove it from the Railroad Company without handling cost to this Company'. Horil, defendant's foreman of motive equipment, testified that 'when he (Collins) took the truck out of the (railroad) service he is responsible for it'; that removal of the jacks under the crane 'wasn't our job, according to the contract.' "

The learned court seems to have adopted defendant's view of the evidence, for, in the opinion filed with the entry of judgment n. o. v., it is said: "It would seem from the testimony that Murdock was not acting for the Pennsylvania Railroad Company, but was permitted by the Railroad Company to help plaintiff to prepare the truck and crane for removal. He was, therefore, not under the control of the Defendant Company, but was practically in the employ of Scott Brothers and under the instructions of plaintiff." The difficulty with our accepting that statement as a fact is that the jury, as it was privileged to do, rejected the evidence. The court, in the same way, erred in holding that the plaintiff was guilty of contributory negligence in stopping his truck under the high tension wires. The plaintiff testified that Murdock instructed him to " 'pull it over in the yard', and I pulled over in the yard where there is high tension wires of the Pennsylvania Railroad sitting and then he run this boom up." The immediate danger was not in stopping the truck under the wires; no harm resulted from that. Plaintiff testified, "Q. You knew there were overhead wires there? You had seen them? A. I seen wires there. I didn't know whether they were alive or dead. I didn't pay no attention. Anyway I didn't think he was going to put that boom in the wires. It wasn't necessary." More of his evidence is to the same effect. Defendant, in the brief, states that plaintiff had been warned about the high tension wires; but the jury appears to have rejected that evidence. Plaintiff's contributory negligence is not so clear as to be declared

as matter of law: cf. *Chidester v. Pittsburgh,* 354 Pa. 417, 420, 47 A. 2d 130. The jury appears to have found that what Murdock did with the boom under the wires caused the harm and was negligent. In entering judgment for the defendant, the learned court below, instead of taking the facts supporting the verdict, took, as a basis for its statement of facts, the evidence offered on behalf of defendant which the jury had rejected. The judgment must therefore be reversed.

This is not, however, a case in which reversal of the judgment n. o. v. requires that we should order judgment on the verdict. There are errors that we must notice. We observe that in his instructions to the jury, the learned trial judge stated that plaintiff had received $1,277.80 workman's compensation and that the intervening insurance carrier would be entitled to receive out of the judgment, if any, in plaintiff's favor, the amount paid to him pursuant to the Workmen's Compensation Law.[3] It does not appear why plaintiff put in evidence on the subject. But when the judge reached the subject of damages he instructed the jury: "If you come to the position where you find that Mr. Collins is entitled to recover, you naturally ask yourselves the question how much should it be. I do not know. I cannot give you any yardstick to measure any more than you can yourselves. We ought to bring to bear our common sense and general experiences in life, and we ought to then fix what we consider a fair and an honest amount that he is entitled to recover. He would be entitled to recover, regardless of the amount of $1,277.80, excepting that, I think, you would be justified in deducting that from the total amount that you might find he would be entitled to receive. It is difficult in this case to determine what might be a fair and honest amount, if he is entitled to recover . . ." Later, in the charge, he said: "Therefore, you come to the only amount he would be entitled to, which would be for pain and suffering. . . ."

---

[3] See *Scalise v. Venzie & Company,* 301 Pa. 315, 152 A. 90.

If the jury followed the instruction of the court and arrived at an amount for pain and suffering and then deducted from it the amount of workmen's compensation received, the plaintiff would be paying it back twice; first, when the amount was "deducted" by the jury in arriving at the amount of its verdict, and a second time, when the insurance carrier collected out of the judgment on the verdict. The charge on the measure of damages was not only erroneous but legally inadequate.

Judgment reversed, the motion for a new trial is reinstated, and the record remitted for further consideration.