Hopton *v.* Donora Borough, Appellant.

174

Argued March 25, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Francis H. Patrono,* with him *Patrono & Edwards,* for appellant.

*Paul N. Barna,* with him *Paul N. Barna, Jr.,* and *Barna and Barna,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, July 30, 1964:

On October 29, 1959, Mrs. Kate Hopton, 72 years of age, decided she would like to view the Halloween parade scheduled to gaily cavort through the streets of Donora that evening. She chose the apartment of her sister-in-law, Mrs. Morton, several blocks away, as the best place from which to witness the masquerading revelers in their merry procession. On her way to the

Morton house, as she walked eastwardly on Fourth Street, she encountered many of the costumed paraders milling about in preparation for the strutting event.

Civilian crowds had also gathered, making foot traffic difficult for the 72-year old Mrs. Hopton. As she continued to push forward along Fourth Street she came to a lane known as Linden Way which cut through the long block between the East-West Fourth and Fifth Streets and, by good fortune, conducted directly to the rear door of Mrs. Morton's apartment, thus providing a passage which would protect Mrs. Hopton from the jostling throngs. In addition, the Linden Way passage would save Mrs. Hopton the long walk eastwardly along Fourth Street, the northward trek up McKean Avenue, and then the retracing westward trip on Fifth Street to the northeast end of Linden Way, at which point her sister-in-law lived. By moving through Linden Way, Mrs. Hopton accomplished more than proceeding along the hypotenuse of a right angle, she moved with bow-and-arrow directness to her target. It was like going through the Panama Canal instead of sailing around Cape Horn in order to reach the Pacific.

Thus, Mrs. Hopton entered Linden Way, a good 20-foot-wide thoroughfare which, although not provided with sidewalks, accommodated vehicular and pedestrian traffic. As she advanced toward Mrs. Morton's home, an automobile approached from the north into Linden Way. Its headlights blinded her just as she was approaching a spot which, it developed later, was depressed to a depth of some four inches in an 18-inch sunken diameter. She fell into the hole, fracturing her hip which necessitated two surgical operations.

In her lawsuit against the Borough of Donora for negligently maintaining Linden Way, she recovered a money verdict.

The Borough seeks judgment n.o.v., arguing lack of proof of negligence. This was a question of fact

for the jury. We said in *Aloia v. City of Washington,* 361 Pa. 620: "What constitutes a defect sufficient to render the city liable must be determined in the light of the character of the traffic for which the use of the street is intended and, except where the defect is obviously trivial, the question must be submitted to the jury."

The defendant argues also that it is entitled to judgment n.o.v. on the ground that the plaintiff was, as a matter of law, guilty of contributory negligence in not pursuing the Fourth Street-McKean Avenue-Fifth Street route which, the defendant points out, would have assured her of sidewalks. It is true this route supplied sidewalks but it also supplied social clubs with liquor licenses, a tavern, a State Liquor store, a bowling alley, poolroom, bus station and drug store, all of them contributing their share to the crowds gathering for the festive Halloween event. Mrs. Hopton testified she did not like to mingle in crowds. Considering her age and the fact that she was alone, she could well have feared the unintentional but almost inevitable jostling she would have experienced in the holiday commotion. Thus she turned to Linden Way, a perfectly legitimate passageway which considerably shortened her journey.

The defendant argues that Mrs. Hopton should have stuck to the Cape Horn route, ignoring the Panama Canal out-through. There is no law which requires anybody to follow any particular course in reaching his destination. People have freedom of movement in this country and they may even follow whim or caprice in attaining their objectives. Even if the alternative course could be determined hypothetically safer but the one chosen is still free of hazard and authorized by law, a tortfeasor may not escape responsibility for his negligence by maintaining that the person injured through his (the tortfeasor's) negligence could have escaped injury by taking the alternative route.

Then the defendant says that if the plaintiff had used a flashlight which she was carrying she would have seen the cavity, the fall into which has disabled her for life. But it was not the absence of light which precipitated her tumbling into the depression in Linden Way. It was the blinding light of the automobile which blotted out all visibility. Even if Mrs. Hopton had had a flashlight in her hand, the high power incandescence of the automobile headlights would have utterly nullified the feeble gleam of the flashlight which she had brought along to light the stairway she was to ascend as she entered her sister-in-law's apartment.*

The questions involved in this litigation were strictly factual, they were properly determined by the fact-finding tribunal, and the judgment is affirmed.

---

* *Garvin v. Pittsburgh*, 161 Pa. Superior Ct. 140.