383 A.2d 941

**James F. DREW, Appellant,**

**v.**

**Charles LABER, Jr., and Township of Ridley, Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 10, 1978.

Decided March 23, 1978.

298

Kassab, Cherry & Archbold, Dale A. Betty, Media, for appellant.

George J. McConchie, Media, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

LARSEN, Justice.

James F. Drew, while walking on Bullens Lane in Ridley Township, was permanently injured when struck by an automobile driven by Charles Laber, Jr. Drew instituted an action in trespass seeking recovery of damages against Ridley Township and Laber. After a jury returned a verdict in favor of Drew against Ridley Township and Laber in the sum of $173,440.55, Ridley Township filed motions for judgment n. o. v. and for a new trial. The trial judge vacated the judgment in favor of Drew and entered judgment in favor of Ridley Township against Drew, non obstante veredicto. The aforesaid order did not dispose of the motion for a new trial. Laber did not file any post-verdict motions.

The order of the trial court was affirmed by the Superior Court by per curiam order. Subsequently, this Court entered an order granting Drew an appeal of the Superior Court's order.

The sole question before this Court is whether there was sufficient evidence to support the jury verdict. *Smith v. Coca Cola Bottling Company,* 152 Pa.Super. 445, 33 A.2d 488 (1943). In reviewing the trial court's judgment n. o. v. in favor of Ridley Township, this Court must consider only that testimony which supports the verdict. *Elliott v. Philadelphia Transportation Company,* 356 Pa. 643, 53 A.2d 81 (1947). The facts on which this Court must decide the appeal of Drew (the verdict winner) are those which the jury may have found from the evidence, including all reasonable inferences arising therefrom. *Collins v. Pennsylvania R.R.,* 358 Pa. 168, 56 A.2d 236 (1948).

The incident occurred on February 10, 1969, at approximately 6 p. m. when Drew was proceeding south as a pedestrian on Bullens Lane toward the bus stop located at the intersection of Bullens Lane and MacDade Boulevard. Since Bullens Lane did not have shoulders, sidewalks or berms appurtenant to it, Drew was forced to walk on the roadway. As he was walking on the right edge of Bullens Lane, Drew was struck by an automobile owned and operated by Laber.

At trial, Laber testified that he (Laber) was proceeding in a southerly direction on Bullens Lane, heading toward Mac-Dade Boulevard at approximately 20 to 25 miles per hour. When he saw headlights approaching from a vehicle traveling in the opposite direction, Laber placed his own headlights on low beam and, in order to avoid hitting the oncoming car, drove as far to the right as he could without becoming entangled in the brush and trees which hang over the embankments that border both sides of Bullens Lane. Just after the cars passed each other, Laber struck Drew with his vehicle. Laber had not seen Drew due to the fact that he was momentarily blinded by the oncoming headlights.

Bullens Lane was not a desolate country road when this incident occurred. Rather, it was located in the middle of a highly residential area and was a connector or feeder road, joining the heavily traveled thoroughfares known as Sproul Road and MacDade Boulevard. At the point of impact, Bullens Lane was a two lane highway which had a width of seventeen feet. Dr. James J. Schuster, a traffic transportation engineer who was Drew's expert witness, testified that if a motor vehicle had a width of eight feet, two vehicles passing each other on this strip of roadway had a maximum clearance of one foot. Because there were no shoulders, sidewalks or berms appurtenant to the roadway and since the roadway was bordered by embankments which were covered with brush and trees, pedestrians such as Drew were compelled to walk along the roadway itself. Edward Lincoln, an officer on the police force of Ridley Township, testified that he frequently saw pedestrians walk on these traffic lanes. Notwithstanding these conditions, Ridley Township undertook to provide no precautionary measures of any kind to protect pedestrians who were forced to utilize Bullens Lane. There were no road markings, no lights, no signs and no place to escape the danger of approaching vehicles or traffic.[1]

Under Pennsylvania law "a municipality is required to construct and maintain its highways in such a manner as to protect travelers from dangers which, by the exercise of normal foresight, careful construction and reasonable inspection, can be anticipated and avoided." *Mitchell v. Rochester Borough,* 395 Pa. 373, 378, 150 A.2d 338, 340 (1959). A municipality owes this duty not only to motor vehicles, but to pedestrians who, in the absence of sidewalks, have rights "equal" to those of motor vehicles on roadways. *Neidlinger v. Haines,* 331 Pa. 529, 532, 200 A. 581, 582 (1938).

The type of precautions that are to be taken by a municipality in the construction and the maintenance of a safe

---

1. The lower court stated that there was sufficient evidence to support the jury's finding that Drew was not contributorily negligent in walking along Bullens Lane. Therefore, that issue is not before us in this appeal.

highway is ascertained by examining the nature of the traffic which uses a roadway. *Rodgers v. Shaler Township,* 164 Pa.Super. 558, 560, 67 A.2d 806, 808 (1949). A municipality's duty "is not confined to maintaining the bed of . . [a] road in a solid and safe condition and clear of obstructions, but extends to the erection of barriers or other devices for guarding unsafe and dangerous places on or along . . [a] road." *Rodgers, supra.* The question of whether a municipality has taken the requisite precautions which it owes to travelers is one for the jury.[2] *Mitchell, supra.*

It is clear that there is sufficient evidence to support the jury's verdict that Ridley Township was negligent in not providing for the safety of pedestrians traveling on Bullens Lane and that this negligence was the proximate cause of Drew's injuries.

The trial judge in his opinion concluded that "the road had nothing to do with the accident." In the lower court's view, it was Laber's negligence in looking at the oncoming car that caused the accident. The trial court disregarded the fact that Laber testified that he (Laber) was preoccupied with the oncoming car *precisely* because of the dangerous narrowness of the road, and hence, did not see Drew. Laber testified that he drove as far to the right as possible without going into the brush and trees on the embankment. Further, he said that the narrow width of the roadway provided little clearance between the two cars. Thus, the crucial casual link between the road and the accident was ignored by the lower court.

Further, in entering judgment n. o. v. in favor of Ridley Township, the trial court refused to consider the testimony of Dr. Schuster, the traffic transportation engineer who

2. Drew claims that Ridley Township was negligent per se since the width of Bullens Lane (seventeen feet) did not conform to the Pennsylvania First Class Township Code provision that "in no case shall any public street be less than twenty-four feet in width." 53 P.S. § 57012 (1957). Since Drew never advanced this claim in the trial court, the question of whether Ridley Township's failure to meet the Pennsylvania First Class Township Code constitutes negligence per se is not before us in this appeal.

testified as Drew's expert witness. Although the trial judge admitted Dr. Schuster's testimony at trial, he excluded it from consideration when he granted Ridley Township's motion for judgment n. o. v. In the past, this Court has held that a motion for judgment n. o. v. must be decided upon the record as it existed at the close of trial. *Kotlikoff v. Master,* 345 Pa. 258, 27 A.2d 35 (1942). In deciding the motion, the trial court cannot eliminate evidence on the ground that it was inadmissable and then enter a judgment n. o. v. on the basis of the diminished record. *Hershberger v. Hershberger,* 345 Pa. 439, 29 A.2d 95 (1942). Therefore, the trial court erred in excluding Dr. Schuster's testimony when it considered Ridley Township's motion for judgment n. o. v.

Finally, it was not improper for the trial court to permit Dr. Schuster, an expert in the field of transportation engineering, to testify at the trial. Dr. Schuster testified that the section of Bullens Lane where the accident occurred was "not properly maintained . . . consistent with good traffic engineering principles" and that at a minimum, Ridley Township should have placed signs along Bullens Lane warning motorists that pedestrians walked on the traffic lanes.

Where the factual situation is such that normally lay persons (jurors) would not have the special or expert knowledge needed to comprehend and understand the problem, then expert testimony is appropriate. This case warranted such testimony; it was relevant to the factual issues of negligence and causation.

The order granting judgment non obstante veredicto is reversed and the case is remanded to the trial court to dispose of the motion for new trial.

POMEROY, J., filed a concurring opinion and O'BRIEN and NIX, JJ., joined.

ROBERTS, J., filed a dissenting opinion in which EAGEN, C. J., joins.

POMEROY, Justice, concurring.

I agree that the learned trial court erred in granting Ridley Township's motion for judgment *non obstante veredicto*, and thus also agree that the judgment must be vacated. The basis of my opinion is largely the reasoning set forth in our opinion in *Flickinger Estate v. Ritsky,* 452 Pa. 69, 305 A.2d 40 (1973). That opinion, in turn, was an explication of Section 447 of the Restatement (Second) of Torts, long since adopted as the rule of law in Pennsylvania relative to proximate causation in situations where intervening acts of a third person are negligent. See also *Nelson v. Duquesne Light Co.,* 338 Pa. 37, at 42, 53–54, 12 A.2d 299, at 302, 307 (1940).

O'BRIEN and NIX, JJ., join in this concurring opinion.

ROBERTS, Justice, dissenting.

Appellant, James Drew, while walking on Bullens Lane, as he did three or four times a week, was struck by an approaching automobile. Appellant sought damages from both the driver of the automobile and appellee Township of Ridley, in which Bullens Lane is located, asserting that the driver was negligent and the Township had contributed to the accident because Bullens Lane was only seventeen feet wide. At trial, appellant offered opinion testimony of an expert that, were he designing Bullens Lane today, he would have made it several feet wider. A jury returned a verdict for appellant against both the driver and the Township. The trial court sustained the judgment against the driver but vacated the judgment against the Township because appellant had not demonstrated that the Township was under any legal duty to appellant to widen the road from its original seventeen feet. The Superior Court affirmed the order of the trial court.

A majority of this Court reverses the order of the trial court and holds that the Township may be liable in tort to appellant. I dissent. Appellant has not proved that the Township owed him a duty or violated any duty causing or resulting in his injury. The majority's result is contrary to

precedent and, if followed, will require municipalities across the Commonwealth to rebuild roads correctly designed when built and maintained properly. No decisions of this Court impose this burden.

Appellant's sole contention is that Bullens Lane was unsafe, not in maintenance or condition, but in design because it was only seventeen feet wide. He argues that in the more than twenty years since construction of the road, increased traffic has rendered an otherwise safely maintained road defective for the sole reason that it is now allegedly too narrow. Appellant's claim must be rejected.

This Court established early in the century that a party may sue a township for alleged defect in design of its streets only where the defect existed when adopted, such that the township was negligent in adopting the design. *Travers v. Delaware County,* 280 Pa. 335, 124 A. 497 (1924); *Eichenhofer v. Philadelphia,* 248 Pa. 365, 93 A. 1065 (1915). In *Eichenhofer,* a boy fell through a twenty-two inch gap below the guardrail of a bridge. The hole was included in the bridge as part of its design. We held that the bridge was part of a highway, which the township must maintain in safe condition, that the design, at the time the bridge was built, was so defective that its adoption by the municipality was itself an act of negligence and that the jury could therefore properly find the municipality liable in tort to the parents of the deceased. In *Travers,* a latent structural flaw caused a bridge to collapse, injuring the plaintiff. The flaw was not apparent and the bridge had safely been in use for more than thirty years. The trial court entered a nonsuit against the plaintiff. This Court affirmed grant of the nonsuit because the design of the bridge was not defective when the bridge was built and the municipality was under no obligation to the public other than to maintain the bridge, as designed, in safe condition:

"The bridge had been in use for more than thirty years, and failure to take proper care cannot be rested on the original manner of design or building (*Eichenhofer v. Phila.,* 248 Pa. 365) [93 A. 1065], for there was no evidence

to show that the plan followed was so defective as to make its adoption an act of negligence."

280 Pa. at 338, 124 A. at 498.

Both appellant and the opinion of Mr. Justice Larsen rely on the testimony of an expert witness that, in his opinion, Bullens Lane is too narrow for current usage. This reliance is unjustified. *Eichenhofer* and *Travers* hold that a municipality is not liable for injuries allegedly caused by a road design not defective when adopted. Testimony that Bullens Lane, correctly designed when constructed, is too narrow under modern conditions, is precisely the type of evidence excluded by *Travers* and *Eichenhofer*. Thus, our cases reject appellant's sole theory of recovery.

The opinion of Mr. Justice Larsen relies on *Mitchell v. Rochester Borough*, 395 Pa. 373, 150 A.2d 338 (1959) and *Neidlinger v. Haines*, 331 Pa. 529, 200 A. 581 (1938) for the proposition that the Township had a duty to maintain Bullens Lane at a width greater than its seventeen feet. Both cases are inapposite.

*Neidlinger* held only that a pedestrian enjoys rights to use the streets equal to those of motorists. Appellant's right to use Bullens Lane is neither in issue nor relevant to whether appellant can recover from the Township. *Mitchell* belongs to a long line of cases holding that a township is responsible for defective conditions of roads. E. g., *Hopton v. Borough of Donora*, 415 Pa. 173, 202 A.2d 814 (1964) (hole in street); *Bromberg v. Gekoski*, 410 Pa. 320, 189 A.2d 176 (1963) (same); *Aloia v. City of Washington*, 361 Pa. 620, 65 A.2d 685 (1949) (same); *Koerth v. Turtle Creek Borough*, 355 Pa. 121, 49 A.2d 398 (1946) (same); *McCracken v. Curwensville Borough*, 309 Pa. 98, 163 A. 217 (1933) (dangerous road conditions caused by ice and snow); *Musselman v. Hatfield Borough*, 202 Pa. 489, 52 A. 15 (1902) (break in pavement). Here, however, appellant concedes that the road was not defective in maintenance or condition. This line of cases should not be misused to require municipalities, in the absence of statutory direction, to widen safely maintained roads not defective in design when built. This obligation

may not be imposed upon a municipality based on an expert's view that roads should be widened to adjust for actual or expected changes in usage.

I would therefore affirm the order of the trial court.

On appeal, appellant has also argued that the Township was under a duty because all municipalities subject to the First Class Township Code must construct roads at least twenty-four feet wide. Act of June 24, 1931, P.L. 1206, § 2012, as amended, 53 P.S. § 57012 (1957). As the opinion of Mr. Justice Larsen points out, appellant did not raise in the trial court the First Class Township Code as a basis of the alleged duty of the Township. We therefore may not consider this argument. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

Appellant also asserts that the Township was negligent because it failed to take precautionary measures, such as place warning signs of the road's width, to protect travelers. Because appellant entered no evidence at trial that such precautionary measures might have averted the accident, this issue also is not before us.

EAGEN, C. J., joins in this dissenting opinion.