## Balsamo v. Hoover

*J. David Caruthers*, for plaintiff.

*Timothy J. Burdette*, for defendant, city of Jeannette.

CARUSO, *J.*, October 7, 1987—This matter is before the court as the result of preliminary objections filed by defendant, city of Jeannette, in the nature of a request for a demurrer and a motion for a more specific pleading and a motion to strike.

This is a civil action to recover damages for injuries allegedly sustained by plaintiff when she was struck by an automobile after exiting an eastbound vehicle that was stopped on Harrison Avenue in the city of Jeannette at or near the intersection of Harrison Avenue and First Street. Plaintiff alleges that as she walked into the westbound lane of Harrison Avenue she was struck by a westbound vehicle operated by defendant, Kathleen R. Hoover, which had travelled through the intersection.

Allegedly, the traffic at this intersection is controlled by a traffic signal which gives westbound traffic an extended green light. Thus, this traffic signal would allow westbound traffic on Harrison Avenue to continue to travel while the eastbound traffic faced a red light.

Plaintiff contends in her complaint that the city of Jeannette was negligent (1) for not installing a crosswalk on Harrison Avenue at the First Street intersection; (2) for not installing signs on the western side of the intersection advising that on-coming traffic had an extended green light; (3) for not installing a pedestrian control signal; and (4) for the installation of the extended green light.

It is the position of the city of Jeannette that their requested demurrer should be granted because there is no duty upon the city to perform those acts and, therefore, no cause of action may be maintained against it.

It is fundamental that plaintiff must establish a duty owed by the city to her, the breach of which was the cause of her injuries. Absence such a legal duty there can be no liability for negligence. *Boyce v. United States Steel Corporation,* 336 Pa. Super. 120, 285 A.2d 459 (1971). Therefore, this court must determine if, under the facts presented, a duty is imposed upon the city to install a crosswalk, to install a sign advising the existence of an extended green signal, to install a pedestrian control signal, and not to install an extended green light. If such a duty exists, it would be as the result of the common law or statute.

There is no common law duty on the city to erect traffic controls. *Bryson v. Solomon,* 97 Pa. Commw. 530, 510 A.2d 377 (1986). The authority to erect traffic control devices is conferred upon the city of Jeannette by the Vehicle Code at 75 Pa.C.S. §6122, which states in part that:

"(a). General Rule.—The department on state-designated highways and local authorities on any highway within their boundaries may erect official traffic controlled devices which shall be installed and maintained in conformance with the manual

and regulations published by the department upon all highways as required to carry out the provisions of this title or to regulate, restrict, direct, warn, prohibit, or guide traffic."

The courts have consistently held that the section of the Vehicle Code quoted above gives local authorities the discretion to erect traffic controlled devices. Liability may not be imposed for the failure to perform a discretionary act. *Swank v. Ben Salem Township, et al.*, 68 Pa. Commw. 520, 449 A.2d 837 (1982).

However, in the instant case, we are not dealing with the situation where the municipality has merely chosen not to exercise its discretion to erect any traffic controls at the intersection. Rather, at this intersection, which is under the authority and control of the city of Jeannette, the city of Jeannette has chosen to erect a traffic signal with an extended green light for traffic travelling west on Harrison Avenue. Thus, the question becomes whether or not there is now imposed upon the city of Jeannette a duty to plaintiff, and others similarly situated. Specifically, this court must consider whether or not, once an extended green signal has been installed by the city of Jeannette, does it then give rise to a duty on the part of the city of Jeannette to install other traffic control devices. In the case at hand, we are to consider the condition of an intersection after a traffic control device has been erected which allegedly created a dangerous condition.

It is true that it may have been within the discretion of the city of Jeannette whether or not to put up a traffic control device. However, once the decision was made to put up the device, reasonable, care must be used by the city of Jeannette in that undertaking to assure that the location of the light does not in some way increase the risk of harm at that intersection, particularly, because of the possible reli-

ance by some member of the travelling public on that traffic ·control. *Boyce vs. United States Steel Corporation,* supra.; section 323 of the Restatement of Torts.[1]

Since the court is here evaluating the viability of a demurrer, the court must accept as true all well pleaded facts and make all reasonable inferences therefrom. *Greenspan v. United States Auto Association,* 324 Pa. Super. 315, 471 A.2d 856 (1984). A demurrer should only be granted in the clearest of cases and any doubt existing should be resolved by refusing to grant the demurrer. *Vitteck v. Washington Broadcasting Company, Inc.,* 256 Pa. Super. 427, 389 A.2d 1197 (1978).

Plaintiff has alleged in paragraph 40 of her complaint that the city of Jeannette failed to maintain the intersection in such a way as to alleviate the dangerous condition then allegedly existing. In paragraphs 38 and 39 of her complaint, plaintiff alleges that particular matters caused the intersection in questions to be dangerous. Further, plaintiff has alleged that the city of Jeannette knew or should have known that the alleged dangerous conditions existed.

The Pennsylvania Supreme Court has held that a municipality is required to maintain its highways in a manner to protect travelers from dangers that could be anticipated and avoided. The types of pre-

---

1. Section 323 of the Restatement of Torts states as follows: "One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if: (a) his failure to exercise such care increases the risk of harm, or (b) the harm is suffered because of the other's reliance upon the undertaking."

caution to be taken are determined by examining the nature of the traffic on that highway. This duty upon a municipality extends to the erection of devices for guarding unsafe and dangerous places on or along a road. Whether or not this duty has been breached is a question for the jury. *Drew v. Laber,* 477 Pa. 297, 383 A.2d 941 (1978).

If a dangerous condition is allowed to remain on a highway to the peril of persons travelling on that highway, then the supervising authority for that highway can be liable for damages incurred. *Mitchell v. Rochester,* 395 Pa. 373, 150 A.2d 338 (1959). The case of *St. Clair v. B & L Paving Company,* 270 Pa. Super. 277, 411 A.2d 525 (1979) set forth the proposition that one who undertakes an activity has a social duty imposed by the law to act without negligence. This social duty extends to persons who are within the foreseeable orbit of the risk of harm.

Therefore, this court holds that the case of *Drew v. Laber,* supra; *Mitchell v. Rochester,* supra; and *St. Clair v. B & L Paving Company,* supra; and the Restatement of Torts, section 323, which has been adopted by the courts of Pennsylvania place upon the city of Jeannette a duty of care with regard to plaintiff, Janice Balsamo, under the facts as presented in this case.

Applying the standard required in considering a request for a demurrer, that is, accepting as true all of the well pleaded facts and all reasonable inferences therefrom, this court finds that plaintiff has stated a cause of action against the city of Jeannette.

The final two preliminary objections of the city of Jeannette are in the nature of a motion for a more specific pleading and a motion to strike. The claim of defendant is that plaintiff has failed, in paragraphs 38 (c) and 39 (e), to set forth factual averments against it in a concise and summary form as

required by Pa.R.C.P. 1019 (a) and in violation of the principles of law set forth in *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983).

Essentially, the averments by plaintiff in these paragraphs are as follows:

"(38) That the said dangerous conditions existing in said 'Harrison Avenue' are as follows: . . . (c) other dangerous conditions.

"(39) That the said dangerous conditions of said traffic signs, lights, and/or other traffic controls are as follows. . . (e) other dangerous conditions."

This court believes that such averments are insufficient and too indefinite. Defendant, city of Jeannette, is not given sufficient facts or information by these averments that would enable it to prepare an answer or defense. However, as stated in the case of *Connor,* supra, the Supreme Court of Pennsylvania has stated that the right to amend should be liberally granted. Therefore, this court will grant plaintiff a reasonable amount of time to specifically and with particularity state what "other dangerous conditions" she alleges existed at the subject intersection at the time of the accident. If plaintiff is unable to do so within the time allowed, paragraphs 38 (c) and 39 (e) shall be stricken.

## ORDER

And now, this April 7, 1987, after careful consideration of the preliminary objections of the city of Jeannette is hereby ordered and decreed as follows:

(1) That the preliminary objection in the nature of a demurrer is dismissed.

(2) That plaintiff is granted 20 days to file a more specific pleading of paragraphs 38 (c) and 39 (e) stating more specifically and with more particularity the "other dangerous conditions" presently averred.