## W. T. RAWLEIGH CO. v. SHOULTZ et ux.

### No. 4608.

Circuit Court of Appeals, Third Circuit.

Feb. 9, 1932.

Cecil P. Harvey and Horenstein, Feldman & Harvey, all of Philadelphia, Pa., for appellant.

George Demming, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below the plaintiffs, husband and wife, citizens of Pennsylvania, recovered a verdict against defendant, a corporate citizen of Illinois, for damages sustained through the alleged negligence of defendant, caused by the explosion of a chemical disinfectant manufactured and alleged to have been sold to them by defendant. The proofs showed that when the wife picked up from a shelf the purchased bottle of defendant's disinfectant it exploded and destroyed the sight of one eye. After verdict, the court, in a careful opinion, refused a new trial. On entry of judgment defendant took this appeal.

After careful consideration of the entire evidence by each member of the court we are of opinion no error was committed by the trial judge. The questions whether a new trial should be granted and the alleged excessive size of the verdict fall within the discretion of a trial judge, and, where, as here, there was no abuse of that discretion, are not matter for our review.

Error is assigned, however, on the ground that the court should have given binding instructions for defendant.

The proofs tended to show that one Henry sold the disinfectant to defendants. Henry sold some one hundred and eighty-five products, some of which were made by another company and some by the defendant. He traveled regularly around the neighborhood. He got his Rawleigh products in original packages, with printed instructions as to their use, from defendant's factory at Chester, Pa. His testimony was: "I was selling the products that the Rawleigh Company manufactured." The car which he used was marked "Rawleigh Company Health Products, Floyd Henry Downingtown."

"Q. I hand you this little book, and ask you if that is part of the matter, advertising matter you put out? A. Yes. I hand this out, give this to people. It is a list of the products—it has a list of the products we sell on the back.

"Q. By the Rawleigh Company? A. Yes, sir."

Osten, the superintendent of defendant's Chester factory, testified the company had an approved list of dealers, to some of whom it sold for cash, to some on credit. His testimony was:

"Q. Is he (Henry) one of the dealers to whom you sell Rawleigh Products? A. Yes.

"Q. Or, give Rawleigh products? A. Yes.

"Q. With the idea of selling them to the final consumers? A. Yes, sir.

"Q. Is there any way except the one you have mentioned by which the Rawleigh people give their products—get their products in the hands of the final consumers, users of these goods? A. No, sir."

In view of the proofs and of the decisions, Elkins, Bly & Co. v. McKean, 79 Pa. 493; Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497, 32 A. 44, 29 L. R. A. 254; Catani v. Swift & Co., 251 Pa. 52, 95 A. 931, L. R. A. 1917B, 1272; to which may be added Ketterer v. Armour & Co. (D. C.) 200 F. 322, we think the court would have been in error had it held as a matter of law the defendant was free from liability to the plaintiffs because the disinfectant was not sold direct by defendant. Defendant prepared the disinfectant for the purpose of sale and it reached the plaintiffs through the only channels defendant used to reach them.

Moreover, there was proof tending to show that the ingredients used in this disinfectant were such that, unless careful steps were taken in their preparation to exclude pent-up gas, it was likely to accumulate and cause explosions. In view of this testimony, the court committed no error in allowing proofs by persons in the neighborhood that this same disinfectant, bought about the same time from Henry, had exploded. Finding,

after these and other questions argued were duly considered, no error in the court's trial of the case, the judgment below is affirmed.