## JASTRZEMBSKI v. GENERAL MOTORS CORP.

### Civ. A. No. 10967.

United States District Court
E. D. Pennsylvania.

Oct. 9, 1951.

John B. Martin, Philadelphia, Pa., for plaintiff.

Harry R. Axelroth, Philadelphia, Pa., for defendant.

CLARY, District Judge.

The matter is before the Court on plaintiff's motion for a new trial after the Court directed a verdict for defendant.

Accepting plaintiff's testimony in its most favorable light, as I am required to do in considering this motion, the facts were: On February 6, 1949, plaintiff purchased a new Pontiac automobile equipped with hydramatic transmission. The automobile had been designed and manufactured by the defendant. On July 5, 1949, the plaintiff drove the Pontiac onto a driveway leading to a parking lot. He placed the hydramatic gearshift in the neutral position, but he did not know whether he had set the hand brake. The car was facing up the slight incline of the driveway, the rear wheels resting in the gutter of the street. The plaintiff alighted to unlock the gate barring the driveway. While he was unlocking the gate, the automobile moved forward up the incline and pinned plaintiff against the gate causing injuries to him.

The plaintiff testified that he had operated the car for a period of five months prior to the accident, driving it possibly 15,000 miles, and that he had no difficulty with the hydramatic transmission during that time. He testified further that he operated the car, evidently without repairs to the transmission mechanism, for some three months after the accident and during that period it operated normally.

At the conclusion of this evidence, the Court directed a verdict for the defendant. The plaintiff had advanced no evidence of defect other than the happening of the accident and the Court held that this was not the type case in which the mere happening of an accident called upon the defendant for an explanation because the instrumentality was not within the exclusive control of the defendant.

The plaintiff contends that the mere showing of the happening of the accident is sufficient because the hydramatic transmission, being a complex mechanism understood only by the defendant and being contained in a sealed unit, could and should be considered sufficiently within the control of the defendant as to require defend-

ant to explain the happening of the accident. At the outset, I might state that I do not regard any of the cases cited by plaintiff as apposite. In all those cases, the instrumentality was either under the exclusive control or management of the defendant or its servants, Commonwealth v. Montour Transportation Co., 365 Pa. 72, 73 A.2d 659, or the product, while not in the actual possession of defendant, was in an original package in which it was not reasonably subject to changes from outside forces. W. T. Rawleigh Co. v. Shoultz, 3 Cir., 56 F.2d 148; Rozumailski v. Philadelphia Coca-Cola Bottling Co., 296 Pa. 114, 145 A. 700; Nock v. Coca-Cola Bottling Works of Pittsburgh, 102 Pa. Super. 515, 156 A. 537; Smith v. Coca-Cola Bottling Co. of Pennsylvania, 152 Pa.Super. 445, 33 A.2d 488; Dillon v. William S. Scull Co., 164 Pa.Super. 365, 64 A.2d 525. In this case, the hydramatic transmission, even if it could be considered as being in the "original package" by virtue of its being in a sealed unit, was constantly subject to changes from outside forces, namely, the use or possible abuse by the plaintiff. Accepting the fact that this accident happened as a result of the improper functioning of the mechanism while in the neutral gear, it is just as likely that the improper functioning was due to a defect caused by improper use by plaintiff as that it was due to a defect resulting from negligent manufacture. Under such circumstances, the jury could not be permitted to speculate as to the cause of the accident. See Henderson v. National Drug Co., 343 Pa. 601, 23 A.2d 743.

It was incumbent on the plaintiff to point to some specific defect which the jury could find was due to negligent manufacture or design. Cf. Ebbert v. Philadelphia Electric Co., 330 Pa. 257, 198 A. 323. To hold otherwise would place an impossible burden on a defendant. Here the plaintiff "destroyed" the evidence by disposing of the car and with it the alleged defective hydramatic transmission. He did so without having had it examined or affording defendant an opportunity to do so. Plaintiff contends that only the manufacturer understands the mechanism and that therefore he, plaintiff, could not have had it examined. Our rules

of pre-trial discovery are designed to enable a litigant to obtain whatever information is exclusively within the knowledge and control of the other party litigant, therefore, that contention is without merit.

Having advanced no testimony pointing to a specific defect in manufacture or design which the defendant could meet at trial, the plaintiff has not sustained his burden of proof.

The motion for new trial will be denied.