**POLLY CHIN SUGAI, and Richard Lee Sugai and Nola Jean Sugai, by Polly Chin Sugai, their Mother and Guardian ad Litem, Plaintiffs,**

v.

**GENERAL MOTORS CORPORATION, and R. M. Logsdon, and A. M. Logsdon, doing business as Logsdon Motor Co., Defendants.**

No. 3123.

United States District Court
D. Idaho, S. D.
Jan. 23, 1956.

See also D.C., 130 F.Supp. 101.

Gallagher & Gallagher, Ontario, Or.,
Langroise & Sullivan, Boise, Idaho, for
plaintiffs.

Hawley & Marcus, Boise, Idaho, and
Martin & Martin (J. F. Martin and C.

Ben Martin), Boise, Idaho, for defendant Logsdon.

Willis C. Moffatt, Boise, Idaho, for defendant General Motors Corp.

TAYLOR, District Judge.

This action is before the Court on defendants' motion for a summary judgment. Oral argument was heard in open court on December 13, 1955, and at the conclusion thereof the matter was taken under advisement by the Court, and counsel granted time within which to present briefs.

Plaintiffs, widow and minor children of Donald Sugai, deceased, brought this action for his wrongful death. Plaintiffs are citizens of Oregon; defendant General Motors is a Delaware corporation doing business in Idaho, and defendant R. M. Logsdon is a citizen of Idaho doing business in Boise, Idaho, under the name of Logsdon Motor Co. Defendant A. M. Logsdon, according to the record, has never been served in this action. This Court has jurisdiction by virtue of 28 U.S.C.A. § 1332.

In their complaint, as amended, plaintiffs allege that decedent and his widow purchased a 1952 Cadillac Coupe de Ville from defendant Logsdon Motor Company in July, 1952, and that said automobile was manufactured and sold to Logsdon by defendant General Motors Corporation. They also assert that the said automobile was defectively manufactured and that, as a proximate result thereof, the left rear wheel and brake assembly failed, on October 14, 1952, while decedent was driving the Cadillac along U. S. Highway 20 approximately seven and one-half miles west of Boise, Idaho. Plaintiffs further allege that the malfunction of the left rear wheel and brake assembly caused said wheel to lock, that the automobile thereupon went out of control, veered from the highway, hurtled over a ditch and fence, rolled over, threw decedent out, and finally came to rest with Sugai's body pinned beneath it.

Fed.Rules Civ.Proc. rule 56(b), 28 U.S.C.A. provides that a party against whom a claim is asserted may move, with or without supporting affidavits, for a summary judgment. Subsection (c) states that "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Sartor v. Arkansas Natural Gas Corporation, 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967, rehearing denied 322 U.S. 767, 64 S.Ct. 941, 88 L.Ed. 1593; 3 Barron and Holtzoff, § 1234.

It has been held that a genuine issue is one which can be maintained by substantial evidence. 3 Barron and Holtzoff, *ibid.* As stated in Firemen's Mutual Ins. Co. v. Aponaug Mfg. Co., 5 Cir., 149 F.2d 359, 362:

"The motions for summary judgment of course raised the question whether these issues, though in law material, were 'genuine'. Rule of Civil Procedure 56(e), 28 U.S.C.A. following section 723c. A pretended issue, *one that no substantial evidence can be offered to maintain,* is not genuine. The rule provides that the genuineness of an issue made by the pleadings may be promptly tested by summary proceedings before the judge in which ex parte affidavits may be used." (Emphasis added.)

Counsel for plaintiffs admit that they have no specific evidence that the brake mechanism failed, or that the left rear wheel locked. Plaintiffs' evidence discloses only that the automobile left a single skid mark on the highway for a distance of 190–200 feet, and that the left rear tire had a flat spot six to nine inches in length and approximately one-eighth of an inch deep. At the time of oral argument counsel for plaintiffs, in reply to a question by the Court, stated that plaintiffs had no additional or different evidence, but that any additional evidence would be merely cumulative in nature. Counsel admitted that plaintiffs were relying on the above-stated evi-

dence to make a prima facie case for a jury.

Plaintiffs' claim for relief is based entirely upon conjecture. The Supreme Court of Idaho recently declared, in Splinter v. City of Nampa, 74 Idaho 1, 10, 256 P.2d 215, 220, that:

"Circumstantial evidence is competent to establish negligence and proximate cause. Facts, which are essential to a liability for negligence, may be inferred from circumstances which are established by evidence. *But, where circumstantial evidence is relied upon, the circumstances must be proved, and not themselves be left to presumption or inference.* [Citing cases.] *This court has held that inference cannot be based upon inference, nor presumption on presumption.* [Citing cases.]

"The underlying principle applicable here is that a verdict cannot rest on conjecture; that where a party seeks to establish a liability by circumstantial evidence, he must establish circumstances of such nature and so related to each other that his theory of liability is the more reasonable conclusion to be drawn therefrom; and that where the proven facts are equally consistent with the absence, as with the existence, of negligence on the part of defendant, the plaintiff has not carried the burden of proof and cannot recover. [Citing cases.]

"Where it remains equally probable from a consideration of all the evidence, that the injury resulted from the cause suggested by the defendant, as from that suggested by the plaintiff, the plaintiff has not established his case. [Citing cases.] Circumstances which are merely consistent with liability are insufficient. [Citing cases.]" (Emphasis added.)

During the oral argument plaintiffs' counsel stated that they were basing their case upon the doctrine of res ipsa loquitur "and other theories". No "other theories" have been presented, and the doctrine of res ipsa loquitur is not applicable to this case.

This Court previously held that it would not be sufficient for plaintiffs merely to allege a breach of implied warranty of fitness or merchantability, but that, to recover, they must allege and prove that "one or both of the defendants were guilty of tortious conduct; in this instance, evidently negligence." Those cases cited in plaintiffs' brief which involve negligence, rather than breach of warranty, are clearly distinguishable from the instant case since in nearly all the said cases there was some evidence of specific defects. In the case at bar there is no evidence that the Cadillac's brakes were defective, nor do plaintiffs even suggest in what way the brakes were defective. They merely contend that there was evidence that the left rear wheel locked and that therefore there must have been a defect. The negligence alleged rests upon circumstantial evidence, and the circumstances relied upon are left to presumption and inference. Circumstances which are merely consistent with liability are insufficient. Splinter v. City of Nampa, supra.

The instant case does not come within the doctrine of res ipsa loquitur. The Supreme Court of Idaho defined said doctrine in Wilson v. St. Joe Boom Co., Ltd., 34 Idaho 253, 268, 200 P. 884, 888, as follows:

"We think that the doctrine of *res ipsa loquitur*, which literally means 'the transaction speaks for itself,' and is merely a way of saying that the circumstances attendant upon an accident are of themselves of such a character as to justify a jury in inferring negligence as the cause of the accident, is applicable where an injury arises from some condition or thing that is in its very nature so obviously destructive to person or property, and is so tortious in its quality, as to permit of no inference save that of negligence *on the part of the person in control of the injurious agency.* * * *" (Emphasis added.)

See also Warner v. Pittsburgh-Idaho Co., Ltd., 38 Idaho 254, 262, 220 P. 492, 494; Martin v. Brown, 56 Idaho 379, 382, 54 P.2d 1157, 1158. The automobile was not under the control of defendants, but was being driven by the plaintiffs' decedent at the time of the accident. Plaintiff Polly Chin Sugai, moreover, had owned this automobile for three months and had driven the same for more than 2,000 miles.

■■ This Court fully realizes that litigants should always be afforded a trial where there is a bona fide dispute of facts between them. Sartor v. Arkansas Natural Gas Corporation, supra; Associated Press v. United States, 326 U.S. 1, 6, 65 S.Ct. 1416, 1418, 89 L.Ed. 2013; Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, 135; Suckow Borax Mines Consol. v. Borax Consolidated, 9 Cir., 185 F.2d 196, 205. In the case at bar, however, there is not the slightest doubt as to the facts. If this case were tried the evidence relied on by plaintiffs would be insufficient to justify the submission of the case to a jury. The obvious reason for and purpose of the summary judgment procedure is to avoid the waste of time, energy and money where it is clear there is no genuine issue to be tried and presented to the court or jury.

■■ Upon due consideration of the pleadings, depositions, and answers to interrogatories which have been submitted by both parties in regard to this motion, it is clear that no cause of action exists. There is no genuine issue as to any material fact to be tried by a jury, and hence application of Rule 56(c) is proper. Pen-Ken Gas & Oil Corporation v. Warfield Natural Gas Co., 6 Cir., 137 F.2d 871, 877, certiorari denied 320 U.S. 800, 64 S.Ct. 431, 88 L.Ed. 483, rehearing denied 321 U.S. 803, 64 S.Ct. 634, 88 L.Ed. 1089; 3 Barron and Holtzoff, § 1234.

Accordingly, it is ordered that the motion of defendants for summary judgment be, and the same is hereby, granted