Forest YOUNG, Appellant,

v.

WILLYS MOTORS, INC., a Corporation, Appellee.

No. 16178.

United States Court of Appeals Eighth Circuit.

Oct. 21, 1959.

Selden Blumenfeld, St. Louis, Mo. (James L. Zemelman and Blumenfeld & Abrams, St. Louis, Mo., on the brief), for appellant.

William W. Evans, St. Louis, Mo. (Evans & Dixon, St. Louis, Mo., on the brief), for appellee.

Before WOODROUGH, VAN OOSTERHOUT and MATTHES, Circuit Judges.

WOODROUGH, Circuit Judge.

This suit for damages for personal injuries suffered by plaintiff in an automobile upset was before this Court on appeal from a judgment of the district court which dismissed the action as to the two named defendants on the ground that it was barred by limitations. We sustained the dismissal as to the individual defendant Jessie May Hicks who owned and was driving the car, but reversed as to defendant Willys Motors, Inc., the manufacturer and vendor of it. Young v. Hicks, 8 Cir., 250 F.2d 80. On remand the action was tried to the court without a jury against that company as sole defendant.

The plaintiff alleged in her complaint as the cause of the occurrence that "the brakes on the wheels of said station wagon (in which she was riding as a guest passenger) suddenly and without any previous warning became locked thereby causing the wheels thereof to cease revolving and thereby causing said station wagon to violently skid, swerve and gyrate first to one side of the road and then to the other side thereof which violent movements and motions of said station wagon caused [the driver] to lose control thereof, which finally resulted in the uncontrolled station wagon skidding into a ditch paralleling said road on the west and overturning therein and injuring the plaintiff, all of which occurred as the direct and proximate result of the negligence and carelessness of the defendant in the manufacture, assembly, inspection, servicing, sale, distribution, handling, operation, and maintenance of said station wagon."

The allegations of the complaint were put in issue by defendant's answer.

At the termination of the trial the court entered findings of fact and conclusions of law in accord with a memorandum opinion in favor of defendant and dismissed the action at plaintiff's costs. The plaintiff appeals.

The findings and conclusions of the court include the following:

"This is a suit for damages for personal injuries sustained by the plaintiff, Forest Young, as a result of an automobile accident occurring on or about February 26, 1955, in the State of Tennessee. The automobile was owned and operated by the plaintiff's niece, Jessie May Hicks, and plaintiff was riding as a passenger therein. Jessie May Hicks was driving the automobile upon U. S. Highway No. 31 E, a public highway in Sumner County, Tennessee, when the automobile went out of control and left the traveled portion of the roadway ending up in a ditch or creek. As a result, the plaintiff sustained serious injuries.

"Jessie May Hicks had purchased the automobile a short time before the accident, receiving possession of same on or about January 8, 1955. The automobile had been manufactured by defendant, and sold to Jessie May Hicks by a retail dealer. There had been no mechanical difficulty with the automobile material to this case prior to the accident.

Plaintiff contends that the accident was caused by mechanical trouble or by a defect in the automobile itself attributable to negligence on the part of Willys Motors, Inc. In her complaint, plaintiff alleged that the brakes on the wheels of the automobile became locked thereby causing the automobile to go out of control and to leave the roadway. Defendant denied any negligence on its part and at the close of the plaintiff's case defendant put on evidence on its behalf.

"Findings of Fact.

"The Court finds the ultimate facts to be as follows:

"1. There was no evidence that prior to and at the time of the accident in question the brakes on the automobile locked or were otherwise defective, nor was there any evidence of any other mechanical defect in the automobile. The plaintiff and her witnesses failed to establish that the automobile or the brakes thereof were defective. Witness Everett Durham testified for plaintiff that the wheels and steering mechanism of the automobile were working freely and properly after the accident, and the wheels were not locked. The Court accepts this testimony as true, and finds nothing in the plaintiff's case to show that the wheels ever became locked either before, during or after the accident.

"2. All of the evidence showed that this was a blacktop highway, and almost all of the witnesses for both sides agreed that it was wet at the time of the accident. The Court accepts as true the testimony of witnesses for defendant that at the time of the accident the road was slick and slippery.

"3. The Court finds that it is more probable that the driver of the automobile simply lost control of the automobile because of the condition of the slick and slippery roadway than that she lost control of it be-cause of any mechanical failure or difficulty.

"4. The Court finds under the testimony in this particular case that the defendant exercised ordinary care in the manufacture, assembly, inspection and design of the particular automobile in question, and that the proof failed to show any specific defect in the automobile which the Court can infer was due to negligent manufacture or design.

"5. In view of the conclusions reached on the issue of negligence, the Court finds it unnecessary to make any findings of fact with reference to the plaintiff's injuries and damage or with reference to the defense of limitations interposed by the defendant.

"Conclusions of Law.

"The Court's conclusions of law are as follows:

"1. While the Tennessee cases have not yet flatly adopted the rule of MacPherson v. Buick Motor Co. [217 N.Y. 382], 111 N.E. 1050, in an automobile case, the Court concludes from the cases that Tennessee would probably do so in a proper factual situation.

"2. Under the rule of the MacPherson case and of many cases subsequent thereto, the Court concludes that it was incumbent upon the plaintiff to point to some specific defect in the automobile which the Court could find was due to negligent manufacture or design, and the burden was upon the plaintiff to prove that defendant was negligent with respect to said defect. The Court concludes that plaintiff has failed to prove such defect and failed to prove that defendant was negligent. Jastrzembski v. General Motors Corporation [D.C.], 100 F. Supp. 465, 466; Smith v. General Motors Corporation [5 Cir.], 227 F.2d 210; Lovas v. General Motors Corporation [6 Cir.], 212 F.2d 805; Polly Chin Sugai, et al. v. General

Motors Corporation, et al. [D.C.], 137 F.Supp. 696; Gibbs v. General Motors Corporation [350 Mo. 431], 166 S.W.2d 575.

"3. The Court concludes that cases from Tennessee and other jurisdictions applying the rule of general negligence or res ipsa loquitur to bursting or exploding bottle cases are not applicable or controlling in this automobile case.

"4. The Court concludes that even if a case of this type might be made under general negligence or res ipsa loquitur rules that the plaintiff in this particular case would still not be entitled to recover from defendant, Willys Motors, Inc. Even in a res ipsa loquitur case or circumstantial evidence case, the burden would remain upon the plaintiff to prove that the defendant was negligent. In this case the proof fails to show negligence on the part of defendant. The evidence fails to point to the alleged liability of the defendant to the exclusion of equally probable or more probable causes of the accident. Everett v. Evans [30 Tenn.App. 450], 207 S.W.2d 350, 352; Conser v. Atchison, T. & S. F. Railway Co. [Mo.], 266 S.W.2d 587, 590.

"5. This Court's ultimate conclusion of law is that the plaintiff has failed to prove that defendant, Willys Motors, Inc., was negligent or that the accident in question was caused by negligence upon the part of said defendant, and the Court further concludes that the plaintiff is not entitled to recover against said defendant, and that judgment should be entered in favor of the defendant, Willys Motors, Inc., and against the plaintiff."

The Court's memorandum opinion includes the following:

"The law of Tennessee is not clear on liability of a manufacturer, but the inferences to be gathered from the Tennessee cases would indicate that the rule laid down in the case of MacPherson v. Buick Motor Co. [217 N.Y. 382], 111 N.E. 1050, which holds that a manufacturer of a product is liable for damages resulting from negligent manufacture to a party not in privity with the manufacturer, governs.

"The plaintiff contends that under the theory of the MacPherson case she is entitled to recover, and in so doing would apply the res ipsa loquitur theory, which has been adopted by most states in cases involving explosion of bottles. Not a single case, however, has been cited which applies the res ipsa loquitur theory to the manufacturer of automobiles. While the MacPherson case holds the manufacturer liable for negligent manufacture, liability was based upon specific negligence which was established and the same is true as to every automobile case that the court has found in every jurisdiction in this country. In view of this fact, since the plaintiff did not establish that there was anything mechanically wrong with the automobile, but relied solely upon the fact that an accident had occurred and the circumstances attending it, she cannot recover. Even if the res ipsa loquitur theory were adopted in this case, the plaintiff's proof would be insufficient to make out a case for her. The plaintiff has the burden of proof, and even under the res ipsa loquitur doctrine the case would fall within the well settled rule that evidence which is clearly consistent with two hypotheses under one of which defendant is liable and under one of which it is not liable, supports neither hypothesis. In this case it is just as reasonable to assume that the accident was caused by the wet, slippery road as it is that it was caused by mechanical defect. Therefore, even under the res ipsa loquitur theory, which in the court's opinion is not applicable, the plaintiff could not recover."

■■ On this appeal the contentions for reversal are in substance that the court erred (1) in finding that the road was slick and slippery; (2) in finding that there was no evidence that the brakes locked or that the vehicle was otherwise mechanically defective; (3) in finding it more probable that the driver lost control because of slick and slippery roadway than because of mechanical failure or defect of the vehicle; (4) in concluding that it was incumbent on plaintiff to point to some specific defect in the automobile.

(1) The finding as to the condition of the road is supported by substantial evidence. It may be as argued for appellant that "There was no conclusive evidence that the road was 'slick and slippery'" but the findings of the Court are presumptively correct and will not be set aside unless clearly erroneous. Rule 52 (a), F.R.Civ.P., 28 U.S.C.A. It happens that in this case there was direct testimony of credible witnesses to support the finding but if that had not been available the evidence that the car which had been checked and counter checked, operated over more than two thousand miles and was giving the driver no trouble suddenly swerved on the admittedly wet road would of itself afford some evidence that the wet road was also slippery. (2) As to the locking of the brakes or other defect of the car, Miss Hicks who was driving it testified that the last time she applied the brakes prior to the occurrence they seemed to be working as usual. She had driven the car 2,200 miles and had had no trouble with it that could be related to the accident. Her testimony did not tend in any way to indicate there was any locking of brakes on the car. On the other hand, the wrecker who went to the scene of the accident and pulled the car out of the ditch and onto its wheels testified that all four wheels turned freely and properly. He towed the car back to town and then steered it and pushed it into the garage. He cut the wheels back and forth and they worked all right. Miss Hicks had caused the car to be examined

and checked at 500, 1000 and 2000 miles and it was found to be in good condition. Substantial evidence supports the finding as to the condition of the car. (3) As to the cause of the driver losing control of the car. The burden of proof was on the plaintiff to prove negligence on the part of defendant proximately causing or contributing to the accident and the finding that plaintiff had "failed to prove that the defendant manufacturer was negligent" was also in accord with the evidence. In view of the condition of the road the action of the car was consistent with the car being in good condition. It was not proved that cars in good condition will not skid at 45 miles per hour on slick and slippery roads and the trial court was not in error in refusing to infer negligence on the manufacturer's part from the happenings in this case. (4) As to the necessity on the plaintiff's part to show some specific defect in the automobile the court referred to Jastrzembski v. General Motors Corp., D.C., 100 F.Supp. 465, 466; Smith v. General Motors Corp., 5 Cir., 227 F.2d 210; Lovas v. General Motors Corp., 6 Cir., 212 F.2d 805; Polly Chin Sugai v. General Motors Corp., D.C., 137 F.Supp. 696; Gibbs v. General Motors Corp., 350 Mo. 431, 166 S.W.2d 575, which we think support the conclusion of the court.

The cases fully support the conclusion that the mere happening of the accident in this case in the circumstances shown did not make out a case in plaintiff's favor. The instrumentality involved, the automobile, was neither in the possession of the defendant nor under its control at the time of the accident but was being operated by Miss Hicks. She had taken driving lessons after she bought the car but testified to "steering madly or enthusiastically" when the car veered. That it got out of her control when she was going 45 miles per hour on a slick and slippery wet road did not prove that there was anything the matter with the car. She had testified by deposition at a time closer to the accident than the trial that "when the car veered I applied my brakes and put my foot on the brake

pedal hard—the brake pedal reacted properly like it usually did." She said her earlier testimony was mistaken but the District Judge was the trier of the facts and judge of the credibility of the witnesses; and on whatever theory the case was tried, it was for the district court to find the facts. The finding that plaintiff had failed to prove negligence on the part of defendant and was not entitled to recover was supported by substantial evidence and was not clearly erroneous.

Affirmed.